**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

VICKY MONGRUT,                          CASE NO.:

    Plaintiff,

v.

SOUTHERN AIRWAYS
EXPRESS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, VICKY MONGRUT ("Plaintiff" or "Ms. Mongrut"), by and through her undersigned counsel, files this Complaint against Defendant, SOUTHERN AIRWAYS EXPRESS, LLC ("Defendant" or "SAE"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Ms. Mongrut was an employee who performed services on behalf of Defendant in Palm Beach County, Florida.

3. SAE is a Delaware limited liability company located in Palm Beach, Palm Beach County, Florida, and which, at all times relevant, performed work in Palm Beach County, Florida.

1

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. § 201, *et seq.*), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a commuter airline company in Palm Beach County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within

the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, telephones, etc., but which had come to rest within its office location in Palm Beach County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Executive Assistants such as Plaintiff.

## FACTUAL ALLEGATIONS

17. Ms. Mongrut worked for Defendant under the titles of Administrative Assistant and Executive Assistant from November 6, 2016, until her separation from Defendant on September 14, 2021.

18. Throughout her time with SAE, Ms. Mongrut was paid a fixed salary per week, and was not paid any overtime no matter how many hours in excess of forty (40) she worked in a given week.

19. Ms. Mongrut always worked in Palm Beach County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

20. Ms. Mongrut had no authority to hire or fire employees of SAE.

21. Ms. Mongrut had no authority to discipline employees of SAE.

22. Ms. Mongrut had no authority to set rates of pay for other employees or agents of SAE.

23. Ms. Mongrut had no input into performance reviews of other employees or agents of SAE.

24. All of Ms. Mongrut's major decisions had to be cleared in advance by one of SAE's supervisors.

25. Ms. Mongrut was closely monitored by SAE's managers and supervisors at all times.

26. Ms. Mongrut followed procedures established by SAE and did exactly as she was instructed to do.

27. Ms. Mongrut's primary duties were to book travel for executives and employees, coordinate travel, handle SAE's drug and alcohol program, order office supplies, and act as an office assistant.

28. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

29. Defendant paid Plaintiff a salary of $42,500 per year beginning on July 16, 2017, which increased in 2018 to $44,500 per year, and which increased again in 2021 to $47,500.00 per year.

30. Plaintiff regularly worked fifty-five (55) or more hours per week for Defendant during her employment with Defendant.

31. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendant.

32. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

33. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that she worked during her employment.

34. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

35. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39. Based on the allegations in Paragraphs 36-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

40. While Plaintiff does not have all of her time records, Plaintiff estimates her FLSA damages to be:

<u>April 28, 2019 through January 1, 2020 (approximately 35 weeks)</u>

<u>Hourly Rate of Pay</u>: $44,500.00 salary/52 weeks/40 hours per week = $21.39 hourly rate

<u>Overtime Pay Rate</u>: $21.39 X 1.5 = $32.09

15 hours (approximate overtime hours per week) X $32.09 (unpaid overtime pay rate based on $21.39 per hour rate of pay) = $481.35 unpaid overtime compensation per week.

$481.35 (unpaid overtime compensation per week) X 35 weeks = $16,847.25

<u>January 1, 2020 through September 14, 2021 (approximately 89 weeks)</u>

<u>Hourly Rate of Pay</u>: $47,500.00 salary/52 weeks/40 hours per week = $22.84 hourly rate

<u>Overtime Pay Rate</u>: $22.84 X 1.5 = $34.26

15 hours (approximate overtime hours per week) X $34.26 (unpaid overtime pay rate based on $22.84 per hour rate of pay) = $513.90 unpaid overtime compensation per week.

$513.90 (unpaid overtime compensation per week) X 89 weeks = $45,737.10

TOTAL: $62,584.35 (unliquidated) and, if liquidated, $125,168.70

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff reincorporates and re-alleges paragraphs 1 through 41 of the Complaint as though set forth fully herein, and further alleges as follows:

43. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

44. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

45. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and was instead a non-exempt employee as defined by the FLSA.

46. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 1st day of May, 2022.

                                  Respectfully Submitted,

                                  **By: /s/Noah E. Storch**
                                  Noah E. Storch, Esq.
                                  Florida Bar No. 0085476
                                  RICHARD CELLER LEGAL, P.A.
                                  10368 W. SR 84, Suite 103
                                  Davie, Florida 33324
                                  Telephone: (866) 344-9243
                                  Facsimile:  (954) 337-2771
                                  E-mail:noah@floridaovertimelawyer.com

                                  *Trial Counsel for Plaintiff*