UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 22-80678-CIV-MAYNARD

VICKY MONGRUT,
 Plaintiff,

v.

SOUTHERN AIRWAYS
EXPRESS LLC,
 Defendants.
_____/

**JOINT MOTION FOR ENTRY OF STIPULATED**
**CONFIDENTIALITY AND PROTECTIVE ORDER**

 Plaintiff, VICKY MONGRUT, and Defendant, SOUTHERN AIRWAYS EXPRESS LLC, A Foreign Limited Liability Company (referred to herein as the "Parties"), jointly move for the entry of the attached proposed Stipulated Confidentiality and Protective Order, which shall govern the use of confidential documents and materials produced in this action. The language of the proposed Protective Order has already been agreed to by the Parties' counsel and is attached hereto as **Exhibit A**.

 As grounds for this motion, the Parties state the following:

 1. Plaintiff filed the instant action asserting Defendant violated the Fair Labor Standards Act ("FLSA"). Defendant has denied violating the FLSA.

 2. As discovery has progressed, the Parties expect to disclose information that is confidential and sensitive in nature. Some of the documentation may include the names of employees, drug tests, financial information, social security numbers, dates of birth, and other sensitive and confidential information.

 3. Accordingly, the Parties have reached an agreement concerning the exchange of such

information as set forth in the Protective Order.

4. The Parties request the Court enter the proposed Stipulated Confidentiality and Protective Order because the Parties' private agreement, without the full force effect of a Court Order, will not adequately protect their confidential, and/or sensitive information.

5. The Parties agree that the entry of the proposed Stipulated Confidentiality and Protective Order will not prejudice any of their interests.

WHEREFORE, Plaintiff, VICKY MONGRUT, and Defendant, SOUTHERN AIRWAYS EXPRESS LLC, A Foreign Limited Liability Company, respectfully request that the Court enter the proposed Stipulated Confidentiality and Protective Order attached hereto as **Exhibit A.**

**Respectfully submitted,**

| | |
|---|---|
| **VICKY MONGRUT,**<br>By her attorneys, | **SOUTHERN AIRWAYS EXPRESS, LLC,**<br>By their attorney, |
| /s/ *Noah E. Storch*<br>NOAH E. STORCH, Esq.<br>Fla. Bar No. 0085476<br>LISA KUHLMAN TIETIG, Esq.<br>Fla. Bar No. 0978027<br>RICHARD CELLER LEGAL, P.A.<br>10368 W. SR 84, Suite 103<br>Davie, FL 33324<br>Telephone: (866) 344-9243<br>Facsimile: (954) 337-2771<br>noah@floridaovertimelawyer.com<br>lisa@floridaovertimelawyer.com | /s/ *Romin N. Currier*<br>ROMIN N. CURRIER, Esq.<br>Florida Bar No. 566985<br>rcurrier@pincusandcurrier.com<br>PINCUS & CURRIER LLP<br>1555 Palm Beach Lakes Blvd., Suite 320<br>West Palm Beach, FL 33401<br>Telephone: (561) 868-1340<br>Facsimile: (561) 366-1310 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 22-80678-CIV-MAYNARD

VICKY MONGRUT,
    Plaintiff,

v.

SOUTHERN AIRWAYS
EXPRESS LLC,
    Defendants.
_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff, Vicky Mongrut and Defendant Southern Airways Express LLC (collectively, the "Parties" and, individually, "Party"), by and through their undersigned counsel, do hereby stipulate and agree to the following Stipulated Confidentiality and Protective Order (the "Stipulation and Order"), and jointly request that the same be approved by the Court and entered as an order in this matter (the "Action").

WHEREAS, the Parties expect to provide testimony and produce information and documents during the pendency of the Action;

WHEREAS, the testimony, information, and documents to be offered by the Parties in the Action will include certain proprietary, financial, personal, and other sensitive and confidential information; and

WHEREAS to facilitate such testimony and the offering of such information and documents during the Action, the Parties desire to enter into this Stipulation and Order to protect their interests.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern testimony, documents, and other information offered during the Action:

**EXHIBIT A**

1. This Stipulation and Order shall apply to all testimony given and information and documents produced or used in any way during the Action by any Party, witness, or Non-Party that is designated as "CONFIDENTIAL" pursuant to the terms of this Stipulation and Order, including, but not limited to, all copies, excerpts, or summaries thereof (collectively "Protected Material"). As used herein, "Offering Party" shall refer to any individual who offers Protected Material in this Action, and "Receiving Party" shall refer to any individual other than the Offering Party, pursuant to this Stipulation and Order.

2. Testimony, documents, and information designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to persons other than:

   a. Parties in the Action, including any employees of the Parties having responsibility for overseeing or participating in the Action;

   b. Counsel to the Parties in the Action who have entered an appearance in the Action and attorney's clerical, paralegal, and secretarial staff employed by such counsel;

   c. Individuals who are being deposed or questioned during trial on documents designated as Confidential;

   d. Stenographers transcribing testimony at a deposition in the Action;

   e. This Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial, or deposition in the Action or any appeal, jurors or anyone else the Court deems necessary for such proceedings;

   f. Any individual who was the author or a recipient; and

   g. Any other person or persons to whom the Parties to the Action mutually agree in writing.

Prior to disclosing documents and information designated as "Confidential" to a Non-Party during the taking of his or her deposition, counsel seeking to examine the Non-Party witness with such documents and information designated as "Confidential" shall inform such Non-Party witness that

such documents and information have been designated as "Confidential" under the Protective Order and he/she/it will be instructed on the record that the confidentiality obligations are a court order and he/she/it must comply.

3. Any documents, information, or other tangible materials designated as Protected Material shall be so designated by stamping the first page of the document or materials with the legend "CONFIDENTIAL."

4. Upon designation by a Party, depositions, hearings, or trial testimony may be designated as Protected Material. During the Action, it is anticipated that, from time to time, the Parties will offer testimony, either in written or oral form, concerning Protected Material. Any portion of such hearing, trial, deposition, or other testimony may be designated as Protected Material by any one of the following means:

   a. stating orally on the record that identified information or testimony is "CONFIDENTIAL"; or

   b. sending written notice within ten (10) business days of receipt of the transcript of the hearing, trial, or deposition designating portions of the transcript as "CONFIDENTIAL." The transcript shall be impounded for ten business (10) days after it becomes available to allow the Parties to designate portions as Protected Material, provided, however, that this shall not preclude the deponent from reviewing the transcript of his, her, or its deposition during the impoundment period.

In the event that any question is asked at the hearing, trial, or deposition which a Party or non-Party asserts calls for the disclosure of Protected Material, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.

5. Protected Material may be used by the Receiving Party solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party.

6. Protected Material may be provided to testimonial or consulting experts retained by counsel in connection with the Action to the extent necessary for such expert or consultant to

prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant: (a) is using said information solely in connection with the Action; (b) agrees in writing to be bound by the terms and conditions of this Stipulation and Order, and (c) agrees not to disclose or use Protected Material for purposes other than those permitted hereunder. Counsel for Receiving Party shall be responsible for procuring written agreements signed by experts receiving Protected Material before any Protected Material is disclosed to the expert.

7. Nothing in this Stipulation and Order shall foreclose any Receiving Party from challenging by motion the designation by any Producing Party of any documents, information, or materials as Protected Material, or from seeking an Order removing any such documents, information, or materials from the protections afforded by this Stipulation and Order, or from seeking any modification of this Stipulation and Order. Upon any such challenge, it shall be the burden of the Producing Party to demonstrate under applicable legal standards that the information in question is sufficiently sensitive to warrant confidential treatment under the provisions of this Stipulation and Order.

8. The inadvertent failure of a Producing Party to designate information or material as "CONFIDENTIAL" in strict accordance with the terms of this Stipulation and Order shall not preclude a later designation, and the inadvertent or mistaken disclosure of confidential information without a designation shall not constitute a waiver of any claim that the information is entitled to protection under the Parties' Stipulation and Order. Any disclosure of such information prior to its designation as Protected Material shall not be a violation of the Stipulation and Order. Along with notice of inadvertent or mistaken disclosure, the Offering Party shall provide to each Receiving Party a copy of the information marked with the appropriate designation. Upon receipt of the properly marked information, the Receiving Party shall (a) return to the Offering Party, or destroy,

the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom the disclosure was made. Any Party may retract a prior designation of information or a document as "CONFIDENTIAL."

9. All Protected Material designated as such under this Stipulation and Order shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

   a. The Producing Party agrees in writing that the previously designated Protected Material shall no longer require that designation; or

   b. The Court enters an order that the matter shall not be entitled to confidential treatment, and said order is no longer subject to appeal.

10. If any Protected Material is to be included among any papers filed with the Court as part of any pleading, motion, affidavit, or other paper, the Parties will work together in good faith to file a motion to impound such Protected Material prior to the time the motion is filed or to otherwise redact any information that is deemed Confidential Information if doing so does not preclude the intended use of the Protected Material.

11. The entry of this Stipulation and Order shall be without prejudice to the rights of any of the Parties to apply for modification or relief from this Stipulation and Order by petitioning the Court or by agreement. The entry of this Stipulation and Order shall be without prejudice to the rights of any Party or non-Party to apply for additional or different protection. Nothing in this Stipulation and Order shall prevent any Party from seeking relief in the form of another appropriate protective order to govern the use of Protected Material at a hearing, deposition, or trial.

12. Neither the attorney-client privilege nor work product protection is waived by the inadvertent disclosure connected with this litigation. A Party that/who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall, upon learning

of the mistake, give prompt written notice to counsel for each Receiving Party. Immediately upon receipt of such notice, and without further substantive review of the document, the Receiving Party shall return or destroy all copies of the document and provide written notice of such action, even if the Receiving Party disputes the assertion of privilege.

13. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Stipulation and Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall provide a copy of this Stipulation and Order to new counsel.

14. At the termination of the Action, any Receiving Party, including its counsel, shall either destroy or return Protected Material to the Producing Party or its counsel and verify compliance by way of an affidavit or other measure agreed upon in writing by the Parties. The Parties further agree to take such other measures as are necessary and appropriate to prevent the public disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this litigation.

**DONE AND ORDERED** in chambers in Ft. Pierce, Florida, on this _____ day of November 2022.

_____
SHANIEK MAYNARD
U.S. MAGISTRATE JUDGE